**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

REMACRO TECHNOLOGY CO., LTD.,
4MPV+CV9, Xingdong Road, Wujiang, Suzhou,
Jiangsu, China 215217

Plaintiff,

v.

DEWERTOKIN TECHNOLOGY GROUP CO., LTD.
Room 247, Building 6, Jiaxing
Photovoltaic Science and Innovation Park, No. 1288
Kanghe Road, Xiuzhou District
Jiaxing City, Zhejiang Province, China
and

BIN SHEN
No. 17, Wai Donggang, Fangjiangang Village (18)
Tongli Town, Wujiang District, Suzhou City
Jiangsu Province, China

and

LONG LI
Room 307, Building 37, Baihua New Village
Nanhu District, Jiaxing City, Zhejiang Province, China

and

PENGFEI HE
No. 1056 Dongsheng East Road, Nanhu District
Jiaxing City, Zhejiang Province, China

Civil Action No. ______________

and

LIMING YANG
Room 405, Building 45, Jiazhou Meidu Huanchangyuan,
Xiuzhou District, Jiaxing City, Zhejiang Province, China

Defendants.

**COMPLAINT**

## I. INTRODUCTION

1. This is an action to establish Plaintiff Remacro Technology Co., Ltd.'s ("Remacro") equitable ownership of United States Patent No. 11,564,498 B1 (the "498 Patent"), entitled "Intelligent Sofa Mechanical Extension Device," issued January 31, 2023 to Defendant DewertOkin Technology Group Co., Ltd. ("DewertOkin"), and to correct the inventorship of the 498 Patent pursuant to 35 U.S.C. § 256.

2. The technology claimed in the 498 Patent was conceived and developed within Remacro's research and development program, by Remacro engineer James Li, who led development of the Remacro product line from which that technology arose. Defendant Bin Shen, also a Remacro engineer at the time, was not responsible for developing this technology, but had access to Remacro's confidential technical materials concerning it through his role at Remacro.

3. Bin Shen departed Remacro in May 2019 and joined DewertOkin shortly thereafter. Within approximately eleven months, DewertOkin filed a corresponding Chinese patent application naming Bin Shen and three DewertOkin personnel as co-inventors.

4. A Chinese court has already adjudicated a dispute over that corresponding Chinese application and found, applying Chinese law governing inventions made by former employees within one year of departure, that the application belongs to Remacro. The 498 Patent is directed to substantially the same subject matter and was separately filed and separately examined by the United States Patent and Trademark Office. The findings

of the Chinese court are directly relevant to, and corroborate, Remacro's allegations regarding the origin of that technology, as set forth below.

5. Remacro brings this action, in the alternative pursuant to Federal Rule of Civil Procedure 8(d), on three independent grounds, any one of which entitles Remacro to relief: (a) the technology claimed in the 498 Patent was conceived by James Li, not by Bin Shen, who made no inventive contribution and instead made improper use of Remacro's confidential technical information; (b) the invention claimed in the 498 Patent was, as a whole, fully conceived and reduced to practice at Remacro before Bin Shen's departure; and (c) even if Bin Shen is treated as having made an inventive contribution, that contribution belongs to Remacro under the law governing his employment relationship with Remacro, as already applied by a Chinese court to the corresponding invention.

6. The 498 Patent lists four inventors: Long Li, Bin Shen, Pengfei He, and Liming Yang. Pengfei He and Liming Yang were technical employees of DewertOkin who had been employed there since before Bin Shen joined the company, and, on information and belief, made no inventive contribution to the subject matter claimed in the 498 Patent. Long Li was employed by DewertOkin in an administrative or managerial capacity and, on information and belief, likewise made no inventive contribution to that subject matter. Bin Shen, although a technical employee, likewise made no inventive contribution to that subject matter.

7. Remacro seeks: (a) a declaration and order establishing Remacro's equitable ownership of the 498 Patent; (b) imposition of a constructive trust and an order compelling assignment; and (c) correction of inventorship pursuant to 35 U.S.C. § 256 to remove the individuals who made no inventive contribution to the claimed subject matter and to add James Li as a named inventor.

## II. THE PARTIES

8. Plaintiff Remacro Technology Co., Ltd. is a corporation organized under the laws of the People's Republic of China, with its principal place of business in Suzhou, Jiangsu Province, China. Remacro designs, develops, manufactures, and sells precision intelligent mechanical extension devices for the global furniture industry.

9. Defendant DewertOkin Technology Group Co., Ltd. is a corporation organized under the laws of the People's Republic of China, with its principal place of business at Room 247, Building 6, Jiaxing Photovoltaic Science and Innovation Park, No. 1288 Kanghe Road, Xiuzhou District, Jiaxing City, Zhejiang Province, China. DewertOkin does not reside in the United States within the meaning of 35 U.S.C. § 293 and is the assignee and owner of record of the 498 Patent.

10. Defendant Bin Shen is an individual who according to information and belief resides at No. 17, Wai Donggang, Fangjiangang Village (18), Tongli Town, Wujiang District, Suzhou City, Jiangsu Province, China, and does not reside in the United States. Bin Shen was formerly employed by Remacro and is named as a co-inventor on the 498 Patent.

11. Defendant Long Li is an individual who according to information and belief resides at Room 307, Building 37, Baihua New Village, Nanhu District, Jiaxing City, Zhejiang Province, China, and does not reside in the United States. Long Li is named as a co-inventor on the 498 Patent but, on information and belief, was employed by DewertOkin in an administrative or managerial capacity and made no inventive contribution to the subject matter claimed therein.

12. Defendant Pengfei He is an individual who according to information and belief resides at No. 1056 Dongsheng East Road, Nanhu District, Jiaxing City, Zhejiang Province, China, and does not reside in the United States. Pengfei He is named as a co-inventor on the 498 Patent. On information and belief, Pengfei He made no inventive contribution to the subject matter claimed therein.

13. Defendant Liming Yang is an individual who according to information and belief resides at Room 405, Building 45, Jiazhou Meidu Huanchangyuan, Xiuzhou District, Jiaxing City, Zhejiang Province, China, and does not reside in the United States. Liming Yang is named as a co-inventor on the 498 Patent. On information and belief, Liming Yang made no inventive contribution to the subject matter claimed therein.

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367, and 35 U.S.C. § 256, as this action arises under the patent laws of the United States.

15. This Court has personal jurisdiction over DewertOkin pursuant to 35 U.S.C. § 293, which provides that a patentee not residing in the United States who has designated no person residing in the United States for service, or whose designee cannot be found, may be sued in this Court in any action respecting the patent or rights thereunder. DewertOkin is the assignee and owner of record of the 498 Patent, does not reside in the United States, and has not designated a person residing in the United States for service, as reflected in the records of the United States Patent and Trademark Office. This Court also has personal jurisdiction over Defendants Bin Shen, Long Li, Pengfei He, and Liming Yang. Each is a named inventor on the 498 Patent and a party concerned in the correction of its inventorship under 35 U.S.C. § 256(b). In connection with the United States patent application that issued as the 498 Patent, each executed an inventor's oath or declaration and an assignment of his rights to DewertOkin, thereby purposefully directing activities to the United States Patent and Trademark Office and to this Court's jurisdiction over the patent and rights thereunder. In the alternative, jurisdiction over each of them is proper under Federal Rule of Civil Procedure 4(k)(2).

16. Venue is proper in this District pursuant to 35 U.S.C. § 293.

17. Service of process may be effected upon DewertOkin pursuant to 35 U.S.C. § 293, by publication or as otherwise directed by the Court, to the extent DewertOkin has not designated a person residing in the United States for service. Service may also be effected upon any Defendant through the Central Authority of the People's Republic of China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, or by such other means as the Court may direct.

## IV. FACTUAL BACKGROUND

### A. Remacro and Its Technology

18. Remacro was incorporated in April 2011 and has since been a leading developer and manufacturer of intelligent mechanical extension devices for the global furniture industry, including motorized zero-gravity sofa mechanisms. Remacro has invested substantially in research and development and maintains an extensive portfolio of patents and proprietary engineering documentation in this field.

19. At all relevant times, Remacro maintained reasonable measures to protect its proprietary technical information, including through employment agreements, confidentiality obligations, controlled document protocols, and restricted access to its research and development materials.

### B. Remacro's Development of the Claimed Technology

20. Remacro engineer James Li led development of the Remacro product line from which the technology later claimed in the 498 Patent arose. In that role, James Li, working with other Remacro engineers within Remacro's research and development department, conceived and developed that technology. James Li remains employed by Remacro and has firsthand knowledge of the development history, timing, and origin of the technology claimed in the 498 Patent.

21. Andrew Liu, another employee of Remacro, served as Remacro's product development manager for the product line from which the technology claimed in the 498 Patent arose. Andrew Liu worked closely with James Li throughout that product line's development, and had personal knowledge of the timeline, personnel, and commercial context of the product line's development, including James Li's role in it.

### C. Bin Shen's Employment, Access, and Departure

22. Defendant Bin Shen was employed by Remacro as a Research and Development Project Engineer from March 12, 2017 to May 17, 2019.

23. Unlike James Li, Bin Shen was not responsible for leading or developing the technology later claimed in the 498 Patent. During his employment, Bin Shen worked across multiple

concurrent Remacro projects and, in that capacity, had access to confidential engineering drawings, specifications, and technical materials relating to numerous Remacro product lines, including the product line from which the claimed technology arose. He reviewed, approved, and signed Remacro's internal engineering drawings and assembly documentation in that capacity.

24. Bin Shen owed Remacro confidentiality and non-disclosure obligations under his employment agreements and Remacro's internal policies and procedures.

25. Bin Shen was named as co-inventor on multiple patent applications filed by Remacro during his employment, each directed to technology substantially related to the subject matter of the 498 Patent, reflecting the extent of his exposure to Remacro's proprietary research and development in this technical field.

26. Bin Shen departed Remacro on May 17, 2019 and joined DewertOkin shortly thereafter.

**D. Bin Shen’s Improper Use of Remacro’s Confidential Technical Information**

27. Notwithstanding his confidentiality obligations to Remacro, Bin Shen provided or made use of Remacro's confidential technical information concerning the product line described above in connection with DewertOkin's development and patenting of the technology later claimed in the 498 Patent.

28. Bin Shen was named as a co-inventor on the resulting patent application despite having made no inventive contribution of his own to the claimed subject matter. Specifically, the backrest support structure depicted in the specification and drawings of the 498 Patent — a distinctive, multi-segment, angularly bent connector design — is the same design that was developed within Remacro's research and development department before Bin Shen's departure. The distinctiveness of this design makes independent, coincidental development of the same structure implausible, and supports the conclusion that Bin Shen used Remacro's design in connection with DewertOkin's development and patenting of the technology claimed in the 498 Patent.

**E. Full Possession of the Claimed Invention at Remacro Before Bin Shen's Departure**

29. The subject matter claimed in the 498 Patent, taken as a whole, was conceived and reduced to practice at Remacro before Bin Shen's May 2019 departure, as reflected in Remacro's internal technical drawings and engineering documentation.

30. Remacro maintained this technology as confidential and did not publicly disclose it before the filing of DewertOkin's corresponding Chinese patent application, described below.

31. No element of the subject matter claimed in the 498 Patent was conceived after Bin Shen's departure from Remacro.

**F. DewertOkin's Corresponding Chinese Application and the 498 Patent**

32. On April 26, 2020 — approximately eleven months after Bin Shen left Remacro — DewertOkin filed Chinese patent application No. CN202020656342.X, entitled "Intelligent Sofa Mechanical Extension Device," naming Long Li, Bin Shen, Pengfei He, and Liming Yang as inventors. The application was granted on December 1, 2020 as CN 212036846 U.

33. On August 30, 2021, DewertOkin filed United States patent application No. 17/461,965, directed to substantially the same subject matter. That application did not claim priority to CN202020656342.X. The issued 498 Patent identifies CN202020656342.X as a grace period disclosure under 35 U.S.C. § 102(b)(1), stating that its contents shall not be prior art to the claimed invention. United States Patent No. 11,564,498 B1 issued on January 31, 2023.

**G. The Hangzhou Ownership Judgment**

34. Remacro commenced a patent ownership action before the Hangzhou Intermediate People's Court, Case No. (2022) Zhe 01 Zhimin Chu 525, seeking a declaration that CN202020656342.X constitutes a service invention belonging to Remacro under Article 6 of China's Patent Law (2008) and Article 12 of its Implementing Regulations.

35. On October 30, 2023, the Hangzhou Intermediate People's Court entered judgment in favor of Remacro, finding: (a) the patent application naming Shen Bin as an inventor was filed within one year of the termination of Shen Bin's employment with Remacro; (b) the

invention was substantially related to Shen Bin's prior duties at Remacro; (c) DewertOkin failed to establish that it had independently developed the relevant technology prior to Shen Bin's arrival; and (d) CN202020656342.X is a service invention belonging to Remacro. The court declared that ownership of CN202020656342.X belongs to Remacro. That judgment is now final.

36. In reaching that result, the Hangzhou court specifically considered and rejected DewertOkin's evidence purporting to show independent development — including academic credentials for its named inventors and other materials — as insufficient to establish that DewertOkin had completed the claimed technology before Bin Shen's arrival.

37. The law governing whether rights in an invention vest in an employer is determined by the law of the place where the employment relationship giving rise to that invention is centered. China's Patent Law (2008) Article 6 and its Implementing Regulations Article 12 governed the employment relationship between Remacro and Bin Shen at the time the technology at issue was conceived. A Chinese court has already applied that law to hold that the corresponding invention belongs to Remacro.

38. The Hangzhou court's findings regarding the origin of the technology and Bin Shen's role are directly relevant to, and corroborate, the independent factual allegations set forth in this Complaint concerning the origin of the technology claimed in the 498 Patent.

**H. The Listed Inventors' Lack of Inventive Contribution**

39. On information and belief, Long Li, Pengfei He, and Liming Yang did not participate in the conception or development of the subject matter claimed in the 498 Patent. Their inclusion as named inventors appears to reflect their positions within DewertOkin rather than any inventive contribution.

40. Bin Shen similarly made no inventive contribution to the subject matter claimed in the 498 Patent. Although Bin Shen was employed by Remacro in a technical engineering capacity and had access to Remacro's confidential technical information concerning the relevant product line, he was not responsible for conceiving or developing the technology claimed in the 498 Patent.

## V. CLAIMS FOR RELIEF

### COUNT I — Declaratory Judgment of Equitable Ownership

41. Remacro incorporates by reference all preceding paragraphs.

42. Remacro pleads the following in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

43. First, the subject matter claimed in the 498 Patent was conceived and made by James Li, acting within the scope of his employment at Remacro, in the course of performing Remacro’s tasks and using Remacro’s material and technical resources. Under Article 6 of the Patent Law of the People’s Republic of China (2008), the right to apply for a patent on such a service invention belongs to Remacro. Pursuant to Federal Rule of Civil Procedure 44.1, Remacro gives notice that it will rely on the law of the People’s Republic of China in determining ownership of that invention. Bin Shen made no inventive contribution to that subject matter and instead made improper use of Remacro's confidential technical information in connection with DewertOkin's patenting of it.

44. Second, and in the alternative, regardless of the identity of any properly named inventor, the invention claimed in the 498 Patent, taken as a whole, was fully conceived and reduced to practice at Remacro before Bin Shen's May 2019 departure. No inventive contribution to the claimed subject matter was made after that date.

45. Third, and in the further alternative, to the extent Bin Shen is treated as having made an inventive contribution to the subject matter claimed in the 498 Patent, that contribution was made within the scope of, and by virtue of, his employment relationship with Remacro, which is governed by the law of the People's Republic of China. Under that law — as already applied by a Chinese court to the corresponding invention — any invention made by Bin Shen within one year of the termination of his employment with Remacro, relating to his prior duties there, belongs to Remacro.

46. Under each and any of the foregoing, equitable title to the invention claimed in the 498 Patent vested in Remacro, using Remacro's proprietary resources and information. DewertOkin's legal title to the 498 Patent, obtained through Bin Shen following his departure from Remacro, is subject to Remacro's superior equitable ownership interest.

To the extent the named inventors were not the true inventors of that invention, their assignments to DewertOkin conveyed no rights in it.

47. Remacro is entitled to a declaration that it is the equitable owner of the 498 Patent.

**COUNT II — Unjust Enrichment; Constructive Trust and Compelled Assignment**

48. Remacro incorporates by reference all preceding paragraphs.

49. DewertOkin has been unjustly enriched by obtaining and retaining legal title to the 498 Patent, which claims an invention that belongs to Remacro and that is traceable to Remacro's technology and confidential technical information, which DewertOkin obtained through Bin Shen and embodied in its patent application. DewertOkin has had actual notice of Remacro's claim to that technology since at least the commencement of the Hangzhou action in 2022, and has nonetheless retained title to the 498 Patent.

50. It would be unjust for DewertOkin to retain legal title to the 498 Patent. Remacro is entitled to an order imposing a constructive trust on the 498 Patent in its favor and compelling DewertOkin to execute and deliver a duly recorded assignment of the 498 Patent to Remacro.

**COUNT III — Correction of Inventorship (35 U.S.C. § 256)**

51. Remacro incorporates by reference all preceding paragraphs.

52. Long Li, Pengfei He, and Liming Yang were erroneously named as inventors of the 498 Patent. On information and belief, none made any inventive contribution to the subject matter claimed therein.

53. Bin Shen was also erroneously named as an inventor of the 498 Patent. Bin Shen made no inventive contribution to the subject matter claimed therein; his naming as an inventor arose from his improper use of Remacro's confidential technical information rather than from any inventive contribution of his own.

54. James Li was omitted as a named inventor of the 498 Patent notwithstanding his inventive contribution to the subject matter claimed therein.

55. Remacro is entitled to an order pursuant to 35 U.S.C. § 256 directing the Director of the United States Patent and Trademark Office to issue a certificate of correction removing

Long Li, Pengfei He, Liming Yang, and Bin Shen as named inventors of the 498 Patent and adding James Li as a named inventor. Remacro reserves the right to seek further correction of inventorship, including the addition of any other omitted inventor, as may be warranted by further proceedings in this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Remacro Technology Co., Ltd. respectfully requests that this Court enter judgment in its favor and against Defendants DewertOkin Technology Group Co., Ltd., Bin Shen, Long Li, Pengfei He, and Liming Yang, jointly and severally as applicable, and grant the following relief:

A. A declaration that Remacro Technology Co., Ltd. is the equitable owner of United States Patent No. 11,564,498 B1;

B. An order imposing a constructive trust on United States Patent No. 11,564,498 B1 for the benefit of Remacro;

C. An order compelling DewertOkin to execute and deliver to Remacro a duly recorded assignment of United States Patent No. 11,564,498 B1;

D. An order pursuant to 35 U.S.C. § 256 directing the Director of the United States Patent and Trademark Office to issue a certificate of correction removing Long Li, Pengfei He, Liming Yang, and Bin Shen as named inventors of United States Patent No. 11,564,498 B1 and adding James Li as a named inventor;

E. An award of Remacro's costs and reasonable attorneys' fees to the extent permitted by law; and

F. Such other and further relief as this Court deems just and proper.

Dated: November 9, 2026

*Respectfully submitted,*

/s/ Aaron D. Neal
Aaron D. Neal – Bar No. 79692
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel. 301-441-2420
Fax 301-982-9450
aneal@mhlawyers.com

Yong Chen *(pro hac vice to be filed)*

LIU, CHEN & HOFFMAN LLP

14 Penn Plaza, Suite 2020

New York, NY 10122

Tel. 212-547-6694

*Attorneys for Plaintiff Remacro Technology Co., Ltd.*